IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 24, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
  DEPUTY CLERK

| | |
|---|---|
| GILFORD A. LEE, | ) |
| Plaintiff, | ) Civil Action No. 7:24cv00287 |
| v. | ) **ORDER** |
| RANDY BOYD, | ) By:   Hon. Thomas T. Cullen |
|  | )        United States District Judge |
| Defendant. | ) |

This matter is before the court on Plaintiff Gilford A. Lee's letter (ECF No. 7) that the court construes as a motion seeking preliminary injunctive relief in this civil action filed under 42 U.S.C. § 1983.[1] Having reviewed the motion, the court concludes that there is no basis for granting the requested relief and, therefore, will deny the motion.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a "clear showing" that (1) he is likely to succeed on the merits at trial, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008). The party seeking relief must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx*

---

[1] By separate Order, the court construed the same letter as a motion to reopen this case following an involuntary dismissal.

*Israel, Ltd.*, 952 F.2d at 812. Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant preliminary injunctive relief. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991). Further, an interlocutory injunction is not appropriate when the harm complained of does not arise from the harm alleged in the complaint. *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). The movant must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *Id.*; *see also In re Microsoft Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel*, 111 F.3d at 16; *see Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Lee's underlying complaint alleges that in February 2024, after he wrote and spoke to defendant Boyd about a change in his housing placement, he was assaulted by another inmate based on his sexuality. (Compl. at 2 [ECF No. 1].) In his motion seeking preliminary injunctive relief, Lee states that his outgoing mail has seemingly disappeared and he now "fear[s] for [his] safety." (ECF No. 7 at 2.) In support of his assertions, Lee alleges that he believes that the defendant is responsible for his mail disappearing as an act of retaliation for the filing of this action and, if the defendant can do that, "he could find a way to hurt [Lee] or set [him] up." (*Id.*) Lee does not explain why he believes that the defendant may be responsible for the mail disappearing other than his vague assertion of retaliation. He also does not allege that the defendant has ever personally harmed him or even threatened to harm him. As relief, Lee asks to be transferred to a facility other than Wallens Ridge State Prison or Red Onion State Prison.

Lee's allegations in his motion are not related to the claims in his underlying lawsuit and Lee has not established the requisite relationship between the injuries claimed in the motion and the conduct giving rise to the complaint. Further, Lee has not demonstrated that he is likely to suffer "actual and imminent" irreparable harm in the absence of the preliminary injunction. His concerns that the defendant may be retaliating against him, may have interfered with his outgoing mail, and may be able to hurt him or "set [him] up," are purely speculative.[2] Based on the foregoing, it is **ORDERED** that Lee's motion (ECF No. 7) is **DENIED**.

The Clerk shall send a copy of this order to the parties.

**ENTERED** this 24th day of June, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[2] The court's ruling does not rule out Lee asserting a separate cause of action for this alleged retaliation, if he chooses and after he exhausts his available administrative remedies.