IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

Gilford Lee,

    Plaintiff,

v.                                          Civil Action No. 7:24cv287

Randy Boyd.

    Defendant.

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant Randy Boyd ("Defendant"), by counsel, hereby submits the following memorandum in opposition to Plaintiff's Motion for Summary Judgment. Defendant states the following in support thereof.

**Background**

Gilford Lee ("Plaintiff") is an inmate within the lawful custody of the Virginia Department of Corrections ("VDOC") currently incarcerated in the Virginia Department of Corrections. At this juncture, this action proceeds on Lee's Amended Complaint. ECF No. 36. Lee makes the following claims[1]:

    **Claim One:**    Lee alleges that Defendant violated his Eighth Amendment rights by failing to protect him from an attack by another inmate. ECF No. 36 at p. 10.

    **Claim Two:**    Lee alleges that Defendant violated his Fourteenth Amendment rights by "violating [Lee's] Equal Protection Right." ECF No. 36, at p. 10.

Plaintiff's Motion for Summary Judgment should be denied because the affidavit and video evidence show that Randy Boyd did not violate Plaintiff's constitutional rights.

---

[1] If Plaintiff wishes to raise additional claims he must make them in the form of a Complaint not through his Motion for Summary Judgment.

**Affidavit and Enclosures**

In support of this Response in Opposition to Plaintiff's Motion for Summary Judgment, the Defendant submits the affidavit of: Defendant Randy Boyd, a former unit manager at Wallens Ridge State Prison ("Boyd Aff."). Defendant respectfully requests that the Court consider his affidavit and the enclosures in support of this Memorandum. *See* Fed. R. Civ. P 56(c). Defendant is also submitting to this Court through Box Upload the video footage of the surveillance cameras of the housing pod ("surveillance footage") authenticated through former unit manager Randy Boyd. Defendant respectfully requests that this Court consider the video footage in support of the Memorandum in opposition to the Plaintiff's Motion for Summary Judgment.

**Statement of Undisputed Facts**

1. Inmate Gilford Lee was assigned to his housing classification based on various factors which included his classification assessment. Boyd Aff. ¶ 4. Inmate Lee was assigned to General Population based on his assessment. Boyd Aff. ¶ 4. Randy Boyd did not discriminate against Inmate Lee. Boyd Aff. ¶ 4.

2. On February 22, 2024, Inmate Gilford Lee initiated a fight with another inmate by physically striking the inmate. Boyd Aff. ¶ 6, Enclosure A. Unit Manager Boyd reviewed the MAXPRO footage, which has been sent to the Court, and determined that Inmate Gilford Lee initiated a fight by striking another inmate next to the phones. Boyd Aff. ¶ 6, Enclosure A.

3. Randy Boyd did not discriminate against Inmate Lee or fail to protect him from a hate crime. Boyd Aff. ¶ 9, Enclosure A. Randy Boyd conducted himself professionally and in accordance with the institutional policies and procedures. Boyd Aff. ¶ 9.

**Argument**

I. **Plaintiff is not entitled to Summary Judgment on the Failure to Protect Claim.**

Plaintiff alleges that Randy Boyd failed to protect him from an attack that occurred on February 22, 2025. ECF No. 36, ¶¶ 21-23. Plaintiff is not entitled to Summary Judgment on this claim because Plaintiff contributed to the harm by initiating a fight with another inmate.

To establish a failure to protect claim an inmate must show that "prison officials were deliberately indifferent to a substantial risk of serious harm." *Cole v. Stanley*, Civil Action No. 7:07cv00212, 2007 U.S. Dist. LEXIS 30987, at *3 (W.D. Va. Apr. 26, 2007) (citing *Farmer v. Brennan*, 511 U.S. 852 (1994). "[P]rison officials cannot reasonably be required to protect an inmate who intentionally instigates a violent altercation with another prisoner." *Clark v. Johnson*, 181 Fed. Appx. 606, 607 (7th Cir. 2006). The Eastern District of Virginia has stated that [Plaintiff's] theory – that the named Defendant[] failed to protect [him] from a risk of harm which [Plaintiff himself] contributed–is simply absurd." *Askew v. Villanueva*, No. 3:15CV187, 2016 WL 2917918, at *4 (E.D. Va. May 18, 2016).

Here, the Plaintiff initiated a fight with another inmate, as shown by the MAXPRO video footages, Boyd Affidavit, and Internal Incident Report. Boyd Aff. ¶ 5, Enclosure A. In fact, Plaintiff even admits within his Amended Complaint that he initiated the altercation. ECF No. 36, ¶ 22. Lee within his Amended Complaint alleges that while he was on the phone another inmate attempted to take the phone out of his hands, and he struck out in self-defense. ECF No. 36, ¶ 22. The video evidence shows that Plaintiff was not on the phone and that Plaintiff initiated physical contact with the other inmate. It is not reasonable to expect Randy Boyd to anticipate a harm that the Plaintiff created. Accordingly, Plaintiff is not entitled to Summary Judgment on this claim.

Even if Plaintiff had not been the one to initiate the physical fight with his fellow inmate, Plaintiff is not entitled to Summary Judgment on the failure to protect claim. To prevail on this claim, Plaintiff must prove by a preponderance of the evidence: (1) that objectively the deprivation of a basic human need was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a sufficiently culpable state of mind." *See Moskos v. Hardee*, 24 F.4th 289, 297 (4th Cir. 2022) (internal quotation marks and citation omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991)).

Deliberate indifference is "a very high standard" that cannot be met by a showing of "mere negligence." *Grayson v. Peed*, 195 F.3d 692, 295 (4th Cir. 1999). To satisfy this high standard, a plaintiff must show that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Danser v. Stansberry*, 772 F.3d 340, 346 (4th Cir. 2014) (internal quotation marks and citation omitted). "It is not enough that [the defendant] *should have* recognized [the substantial risk of serious harm]; [the defendant] actually must have perceived the risk." *Parrish v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (emphasis in original). Accordingly, "an official's failure to alleviate a significant risk that he should have perceived but did not will not give rise to a claim under the Eighth Amendment." *Danser*, 772 F.3d at 347 (internal quotation marks and citation omitted). If an inmate does not make prison officials aware of the potential risk, the circumstances must be severe enough that it would be "reasonable to believe that the defendants were aware of a serious risk to the plaintiff but took no protective action." *Makdessi v. Fields*, 789 F.3d 126, 134 (4th Cir. 2015).

4

Here, Boyd did not know of a specific risk to Plaintiff from his fellow inmate. According to Plaintiff, he asked to be moved "due to the harassment and the unreasonable risk of serious harm." Possessing only this vague information, Defendant could not reasonably have known that Plaintiff was at a serious risk of harm. Plaintiff's claim is similar to that in *Kershner v. Wright*, No. 1410852, 2017 WL 1410852, at *4 (W.D. Va. Apr. 19, 2017), in which the plaintiff "complained generally to unspecified staff about 'gang extortion' involving unspecified inmates' and the record did contain any evidence of a conflict between the plaintiff and his attacker. Such general statements are insufficient to impart actual knowledge that an inmate was at substantial risk of serious harm. Likewise, in the Eleventh Circuit, an inmate's statement to an official that "'me and that dude had problems. I'm in fear for my life. Don't put me in the cell with him'" was insufficient to alert the official that an inmate was at substantial risk of serious harm. *McBride v. Rivers*, 170 F. App'x 648, 655 (11th Cir. 2006). Accordingly, Plaintiff is not entitled to Summary Judgment on this claim because (1) Plaintiff created the harm he is now suing for and (2) Plaintiff has not met the heavy burden of deliberate indifference.

## II.     Plaintiff is not entitled to Summary Judgment on the Equal Protection Claim.

Plaintiff contends that Randy Boyd intentionally discriminated against him by not changing his cell assignment because of his sexual orientation. ECF No. 36, ¶ 14. Plaintiff is not entitled to Summary Judgment because (1) Randy Boyd did not discriminate, (2) Plaintiff does not allege that a more suited housing assignment existed, and (3) Plaintiff has not suffered any damages as a result of any alleged discrimination.

"The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination." *King v. Rubenstein*, 825 F.3d 206, 220 (4th Cir. 2016). "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is

5

similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Id.*

Randy Boyd did not discriminate against Inmate Lee. Randy Boyd stated in his affidavit that Lee was given his housing assignment based on his classification assessment. Boyd Aff. ¶ 4. Boyd also never told Lee that he could not be moved because of his sexual orientation. Boyd Aff. ¶ 4. Boyd never discriminated against Lee. Boyd Aff. ¶ 4.

Lee's only allegation is that he was not moved because of his sexual orientation. ECF No. 36, ¶ 14. Lee does not actually allege that he was discriminated against. He does not allege that Randy Boyd could have moved him to a more suited cell. He does not allege that a safer cell even existed. However, he does allege Randy Boyd told him he was housed appropriately. ECF No. 36, ¶ 18. Plaintiff cannot win Summary Judgment without proving that their was actually a better and safer cell for him to have been moved to. Lastly, Plaintiff has not suffered any damages. Plaintiff alleges that his damages was from the attack that occurred on February 22, 2024. However, as shown by the Boyd affidavit and video evidence, Plaintiff initiated the attack and is incorrect in his version of events given to the Court. Boyd Aff. ¶ 5, ECF No. 34, ¶ 22. Accordingly, Plaintiff has not suffered any damages, and Plaintiff's Motion for Summary Judgment should be denied for that reason alone. *Trafford v. Penno*, 800 F. Supp. 1052, 1060 (D.R.I. 1992) (Holding that "even if Plaintiff had established an equal protection violation, Plaintiff still failed to prove any damages from Defendants' conduct").

## Conclusion

In Conclusion, Plaintiff's Motion for Summary Judgment should be denied. Plaintiff was not simply on the phone and attacked, instead Plaintiff initiated an attack on another inmate and now attempts to claim that Randy Boyd failed to protect him. The evidence shows that Plaintiff

was not discriminated against by Randy Boyd. Accordingly, this Court should deny Plaintiff's Motion for Summary Judgment.

        Respectfully Submitted,

        Randy Boyd

        By:   /s/ Jeremiah Johansen
        Jeremiah J. Johansen, VSB #99399
        Office of the Attorney General
        Criminal Justice & Public Safety Division
        202 North 9th Street
        Richmond, Virginia 23219
        Phone: (804) 482-2279
        Fax: (804) 786-4239
        Email: JJohansen@oag.state.va.us

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: N/A.

I also hereby certify that I have mailed the document, postage prepaid, to the following non-CM/ECF participant:

Gilford Lee, #1937321
VDOC Centralized Mail Distribution Center,
3521 Woods Way,
State Farm, VA 23160

        By: s/ Jeremiah Johansen
        Jeremiah J. Johansen, AAG, VSB #99399
        Office of the Attorney General
        202 North 9th Street
        Richmond, Virginia 23219
        804-482-2279
        804-786-4239 (Fax)
        E-mail: JJohansen@oag.state.va.us
        (*Counsel for Defendant*)